**L. Mark STEINBERG, Appellant,**

v.

**COMMISSION FOR LAWYER DISCIPLINE, Appellee.**

No. 05–04–01696–CV.

Court of Appeals of Texas, Dallas.

Nov. 30, 2005.

Charles W. McGarry, Law Office of Charles McGarry, Dallas, for Appellant.

Deanne Claire, Commission for Lawyer Discipline, Dallas, Linda A. Acevedo, Office of the Chief Disciplinary Counsel, Austin, for Appellee.

Before Justices WHITTINGTON, FRANCIS, and LANG.

## OPINION

Opinion by Justice WHITTINGTON.

In this appeal of a lawyer disciplinary proceeding, appellant L. Mark Steinberg contends collateral estoppel barred the claims of appellee Commission for Lawyer Discipline, and the evidence was legally and factually insufficient to support the jury's findings on two issues. We hold

collateral estoppel does not bar the Commission's claims, and there was legally and factually sufficient evidence to support the jury's findings. We affirm the judgment of the trial court.

## BACKGROUND

Steinberg was admitted to practice law in Texas in 1980. He was disbarred in 1985. He was reinstated to the Texas bar in 1996. He has never been admitted to practice law in Arizona. In 2000, the State Bar of Texas filed a grievance against Steinberg. A jury found Steinberg violated Rules 8.01 and 8.04(a)(3) of the Texas Disciplinary Rules of Professional Conduct. *See* TEX. DISCIPLINARY RS. PROF'L CONDUCT 8.01, 8.04(a)(3), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005) (TEX. STATE BAR R. art. X, § 9). The trial judge entered judgment suspending Steinberg from the practice of law for five years.

## STANDARDS OF REVIEW

In his first issue, Steinberg contends the trial judge erred in denying his motion for judgment notwithstanding the verdict because the Commission's claims were barred by collateral estoppel. In his second and third issues, Steinberg challenges the legal and factual sufficiency of the evidence to support the jury's findings. We review both the denial of a motion notwithstanding the verdict and a challenge to the legal sufficiency of the evidence as "no evidence" points of error. *See Sherman v. First Nat'l Bank*, 760 S.W.2d 240, 241–42 (Tex.1988) (denial of judgment notwithstanding the verdict); *Bellino v. Comm'n for Lawyer Discipline*, 124 S.W.3d 380, 385 (Tex.App.-Dallas 2003, pet. denied) (legal sufficiency of the evidence); *see also Exxon Corp. v. Quinn*, 726 S.W.2d 17, 19 (Tex.1987) (judgment notwithstanding verdict proper when no

evidence supports jury's findings or when movant is entitled to judgment as matter of law). A legal sufficiency review of both a judgment notwithstanding the verdict and a no-evidence point of error must credit the favorable evidence if reasonable jurors could, and disregard the contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex.2005).

When challenging the factual sufficiency of the evidence supporting an adverse finding upon which the appealing party did not have the burden of proof, the appellant must demonstrate there is insufficient evidence to support the adverse finding. *Bellino*, 124 S.W.3d at 385. In reviewing a factual sufficiency challenge, we consider and weigh all the evidence in support of and contrary to the finding, and will set aside a finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *Bellino*, 124 S.W.3d at 385. In making this review, we are not a fact finder. Thus, we will not pass upon the credibility of the witnesses or substitute our judgment for that of the trier of fact, even if a different answer could be reached upon review of the evidence. *See Dallas County v. Holmes*, 62 S.W.3d 326, 329 (Tex.App.-Dallas 2001, no pet.); *Tex. Farmers Ins. Co. v. Cameron*, 24 S.W.3d 386, 392 (Tex.App.-Dallas 2000, pet. denied).

## DISCUSSION

In his first issue, Steinberg contends principles of collateral estoppel preclude the Commission's disciplinary action here, because the same issues were determined in a 1996 proceeding reinstating Steinberg to the bar. The doctrine of collateral estoppel or issue preclusion is designed to promote judicial efficiency, protect parties from multiple lawsuits, and

prevent inconsistent judgments by precluding the relitigation of issues. *Sysco Food Services, Inc. v. Trapnell,* 890 S.W.2d 796, 801 (Tex.1994). A party seeking to assert the bar of collateral estoppel must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Sysco Food Services,* 890 S.W.2d at 801. Steinberg further contends principles of res judicata prohibit relitigation of any claim or defense that could have been litigated in the first suit. We hold principles of collateral estoppel and res judicata do not bar the Commission's action.

Steinberg cites *Board of Law Examiners v. Gabriel,* 953 S.W.2d 227 (Tex.1997) (original proceeding), to support his argument that the reinstatement proceedings determined the same issues presented to the trial court in this case. *Gabriel,* however, is distinguishable. In *Gabriel,* the issue was whether the Board of Law Examiners was authorized by the Rules of Disciplinary Procedure to investigate the moral character and the mental and emotional fitness to practice law of a person petitioning for reinstatement to membership in the State Bar of Texas. *Gabriel,* 953 S.W.2d at 227. The court held the Board of Law Examiners was not authorized to make the investigation because a trial court had already made the same determination in ruling on the petition for reinstatement. *Gabriel,* 953 S.W.2d at 227, 230. The court described the two "core findings" a trial court must make in determining a petition for reinstatement. First, the trial court must find that " 'petitioner is of good moral character, possesses the mental and emotional fitness to practice law, and during the five years immediately preceding the filing of the petition, has been living a life of exemplary conduct.' " *Gabriel,* 953 S.W.2d at 229–30 (quoting Tex.R. Disciplinary P. 11.02.E). Second, the district court must find "that reinstatement serves [the] public's and profession's interests and the ends of justice." *Gabriel,* 953 S.W.2d at 230. The Board of Law Examiners would have been determining precisely the same issue, that is, the applicant's moral character and fitness. *See Gabriel,* 953 S.W.2d at 229. Therefore, the Board of Law Examiners was not permitted under the Rules of Disciplinary Procedure to redetermine "issues that courts have just tried." *Gabriel,* 953 S.W.2d at 230.

When Steinberg petitioned for reinstatement in 1996, the court must have determined the two core findings set forth in *Gabriel.* In contrast to *Gabriel,* however, Steinberg requests we compare those core findings with the jury's findings he engaged in professional misconduct. The jury was not asked to determine Steinberg's moral character; whether he was mentally and emotionally fit to practice law; or whether his reinstatement to the bar would serve the public's and the profession's interests. *See Gabriel,* 953 S.W.2d at 229–30. Instead, the jury was asked to determine whether Steinberg engaged in "conduct involving dishonesty, fraud, deceit or misrepresentation" in violation of Rule 8.04(a)(3), and whether he made a false statement of material fact on his petition for reinstatement or failed to correct a misapprehension in violation of Rule 8.01.

Steinberg argues the truth and honesty of his reinstatement petition "were among the core, essential issues determined" in the reinstatement proceeding in 1996, and the jury here merely redetermined the same issues. We disagree. The reinstatement action was a petition by a person not licensed as a lawyer arguing "the best interests of the public and the profession,

as well as the ends of justice, would be served by his or her reinstatement." TEX.R. DISCIPLINARY P. 11.03. The disciplinary proceeding is a petition by the Commission alleging professional misconduct by a lawyer. Although in determining the petition for reinstatement, "the court shall deny the petition ... if it contains any false statement of material fact," TEX.R. DISCIPLINARY P. 11.03, Rule 8.01 of the Rules of Professional Conduct specifically permits a disciplinary action against a lawyer who engaged in improper conduct in the reinstatement process. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 8.01. As noted in the comments to Rule 8.01, "[h]ence, if a person makes a material false statement in connection with ... a petition for reinstatement, it may be the basis for a subsequent disciplinary action if the person is admitted or reinstated...." TEX. DISCIPLINARY R. PROF'L CONDUCT 8.01 cmt. 1. In *Gabriel*, in contrast, the court noted under the rules governing admission to the bar, the Board of Law Examiners had a duty to investigate the moral fitness of candidates for admission, not candidates for reinstatement. *See Gabriel*, 953 S.W.2d at 229. The court's finding in 1996 that Steinberg should be reinstated does not preclude the Commission's disciplinary action here. We overrule Steinberg's first issue.

■ In his second issue, Steinberg contends the evidence was legally and factually insufficient to support the jury's finding he violated Rule 8.04(a)(3), Texas Disciplinary Rules of Professional Conduct. Rule 8.04(a)(3) provides, "A lawyer shall not: ... engage in conduct involving dishonesty, fraud, deceit or misrepresentation." In support of the jury's finding, the Commission cites evidence Steinberg held himself out as an Arizona attorney even though he has never been licensed to practice law there. The Commission points to an advertisement in the yellow pages telephone directory for Phoenix and Scottsdale, Arizona, in the "attorney" section, displaying Steinberg's name in large type above the text, " *Bankruptcy—Divorce— D.W.I.—D.U.I.—Criminal, Free Phone Consultation, Flat Fee–Not Hourly, Serious Personal Injuries Matters, Aggressive Full Service Firm, Easy Payment Plans Available." In small type at the bottom of the advertisement, in connection with the asterisk in the text, appears " *Law Offices of Russell Olds." The address given in the advertisement is Steinberg's home address. The Commission also cites evidence showing Steinberg was listed in the same telephone directory under "Attorneys–Divorce and Family," and "Attorneys." Steinberg used a printed business card with the designation "Lawyer" which contained both a Texas address, crossed out, and an Arizona address, with "Frost Law Offices" handwritten above Steinberg's name. The card did not reveal Steinberg did not have an Arizona license. Fran JoHanson, an attorney for the State Bar of Arizona who worked in the area of unauthorized practice of law, testified she visited the "Frost Law Offices" where Steinberg worked and learned that Mr. Frost was rarely there. She testified it appeared as if Steinberg was the only lawyer who worked there. Edwin Blair hired Steinberg to represent him in a divorce. The jury heard Blair's testimony he found Steinberg through an advertisement in a consumer circular under the section for lawyers. Blair testified he believed Steinberg was an Arizona lawyer, and Steinberg never told him otherwise. Blair testified he learned Steinberg was not licensed in Arizona only when another person called the Arizona State Bar. Thus, while Steinberg maintains he acted only as a paralegal or document preparer under the supervision of Arizona attorneys Olds and Frost, there was evidence he held himself out a

lawyer licensed to practice in Arizona. Further, the Commission introduced a 2001 consent decree between Steinberg and the Arizona Attorney General in which Steinberg admitted no liability but agreed to be permanently enjoined from advertising the sale of legal services; from engaging in legal services as described in the decree; from holding himself out as one who may practice law in Arizona; and from engaging in any misrepresentations or deceptive acts or practices in violation of Arizona consumer fraud law.

Steinberg argues we may not consider this evidence because the trial judge, by wording the judgment narrowly, implicitly granted Steinberg's motion for judgment notwithstanding the verdict and ruled the only conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Rule 8.04(a)(3) occurred in connection with Steinberg's reinstatement to the Texas bar, and not in connection with any other activities. Steinberg cites *Delaney v. University of Houston*, 835 S.W.2d 56, 58 (Tex. 1992), in support of this argument. In *Delaney*, a summary judgment case, the court refused to consider two additional legal arguments where the factual record did not supply a sufficient predicate and the district court did not base its summary judgment on those arguments. *See Delaney*, 835 S.W.2d at 58–9. Here, in contrast, the judgment was entered after a jury trial in which the jury heard evidence from both sides and found, in response to a question in the charge that was not limited to Steinberg's reinstatement, that Steinberg violated Rule 8.04(a)(3). Under Rules 300 and 301, Texas Rules of Civil Procedure, the judgment must "conform to the pleadings, the nature of the case proved and the verdict." *See* Tex.R. Civ. P. 301. The trial judge may render judgment notwithstanding the verdict only "if a directed verdict would have been proper," Tex.R. Civ. P. 301; that is, if no evidence

supports the jury's finding. *See Exxon Corp.*, 726 S.W.2d at 19. Here, as noted below, there was evidence to support the jury's finding Steinberg violated Rule 8.04(a)(3). The judgment must conform to that finding, and we construe it to do so. *See* Tex. Rs. Civ. P. 300, 301; *see also Teas v. Republic Nat'l Bank of Dallas*, 460 S.W.2d 233, 239–40 (Tex.Civ.App.-Dallas 1970, writ ref'd n.r.e.) (where issue material, judgment must conform to findings); *Harris County v. Garza*, 971 S.W.2d 733, 735 (Tex. App.-Houston [14th Dist.] 1998, no pet.) (judge may not disregard jury's answers to material issues, set aside findings and make contrary ones, hear additional evidence and make supplemental findings, or select from conflicting findings those which he approves).

Steinberg further argues even if the Commission's evidence is considered, it does not support the jury's finding he engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation. He contends the business card accurately stated he was a lawyer associated with the Frost Law Offices. He argues the yellow pages ad does not state he is an attorney or is licensed in any state, accurately reflecting only that he has a law degree. He argues it was legal in Arizona for him to do the type of work he did. He also argues there was no evidence he made any misrepresentation to Blair about whether he was licensed to practice law in Arizona.

The jury considered the evidence presented by the Commission and by Steinberg and found he violated Rule 8.04(a)(3), engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. The evidence presented would have enabled reasonable and fair-minded people to concluded Steinberg violated Rule 8.04(a)(3), and the jury's finding is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly un-

just. *See City of Keller*, 168 S.W.3d at 827; *Bellino*, 124 S.W.3d at 385. We overrule Steinberg's second issue.

In his third issue, Steinberg contends the evidence was legally and factually insufficient to support the jury's finding he violated Rule 8.01, Texas Disciplinary Rules of Professional Conduct. Rule 8.01 provides in relevant part:

[A] petitioner for reinstatement to the bar ... shall not:

(a) knowingly make a false statement of material fact; or

(b) fail to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admission, reinstatement, or disciplinary authority....

The Commission argues at the time he filed his petition for reinstatement to the Texas Bar, Steinberg failed to disclose he was under investigation by the Arizona Attorney General for allegations of consumer fraud relating to the sale of legal services. The Commission also argues Steinberg failed to disclose a pending suit involving a fee dispute.

Steinberg testified at the time he filed his petition for reinstatement to the State Bar of Texas in 1995, he was aware there was an action pending with the consumer fraud division of the Arizona Attorney General's office "where they were looking into consumer fraud for sale of legal services" but did not include that information in his petition. He testified he did not amend the petition to include this information. He also testified he signed an "assurance of discontinuance" with the Arizona Attorney General's office in 1995 under which he admitted no liability, but agreed he "must tell people that I am not a licensed attorney in the State of Arizona." He testified "the issue came up in the proceeding," contending that the State Bar of Texas was made aware of the Arizona agreement even though the petition did not include information about it. Steinberg's attorney during the reinstatement proceeding, however, testified he did not recall anything about allegations of consumer fraud made against Steinberg by the Arizona Attorney General and would have included that information in the reinstatement petition if he had been aware of it. While as Steinberg notes, the Commission failed to introduce any documentary evidence of the assurance of discontinuance or the subpoena served by the Arizona Attorney General, Steinberg himself admitted these facts. This evidence "would enable reasonable and fair-minded people to reach the verdict" Steinberg violated Rule 8.01, *see City of Keller*, 168 S.W.3d at 827, and the verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *See Bellino*, 124 S.W.3d at 385. We overrule Steinberg's third issue.

We affirm the judgment of the trial court.