**Affirmed and Opinion Filed August 9, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01080-CV

**ANGEL EDUARDO MARROQUIN BRITTINGHAM, Appellant**
**V.**
**DONNA LYNN BAKER BRITTINGHAM, Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-03452-K**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Bridges, and Justice Lang
Opinion by Chief Justice Wright

Angel Eduardo Marroquin Brittingham (Eduardo) appeals the trial court's judgment in favor of Donna Lynn Baker Brittingham (Donna). In one issue, Eduardo contends the trial court erred by not granting his motion for new trial. We affirm the trial court's judgment.

### Background

Eduardo and Donna divorced in 2008. In their agreement incident to divorce, Donna and Eduardo agreed not to disclose any of the terms or the substance of the agreement, and Eduardo executed a $250,000 promissory note to Donna that was due on September 30, 2012. In June 2012, Donna married Eduardo's cousin, Jack Brittingham. Sometime before the note's due date, Eduardo received emails from Donna's father and her husband Jack that Eduardo perceived as a

breach of the divorce confidentiality agreement. In light of this, Eduardo did not pay the note by the due date.

Although Donna sent Eduardo a demand letter, Eduardo still did not pay the note. As a result, Donna sued Eduardo to collect the note, for fraud in the inducement, and attorney's fees. Eduardo generally denied all allegations and raised several counterclaims including breach of contract.

During the jury trial, both sides presented evidence regarding the terms of the note. Eduardo claimed he was excused from paying the note because Donna breached the contract by telling her father and her husband the details of the note. When Donna's father and her husband emailed Eduardo about the note, he took the emails to his attorney, who advised him that he should not pay the note.

In contrast, Donna testified she did not breach any contract because the confidentiality agreement was not part of the note. Donna testified she told Jack about the note only because it was listed in their prenuptial agreement.

During closing argument, Donna's trial counsel made the following statement:

[Eduardo] said, I got an ugly email from my cousin. I didn't like it. I felt threatened by it. And so, what did I do? I went to my lawyers office. And I said, lawyer, tell me, what can I do to get out from under this so I don't have to pay her, so that I can take some revenge. I can get some satisfaction because – so I can show Jack that he can't push me around. That's what happened.

And so the lawyers concocted – this is not Eduardo Brittingham's case. This is his lawyer's case. They concocted this whole thing.

Immediately following these statements, the trial court asked the parties to approach the bench. Thereafter, the trial court told the jury:

Ladies and gentlemen, the Plaintiff lawyer went and just pulled out of the air that there was a concocted story between a lawyer, a member of the Bar, an officer of this Court and the Defendant. It's improper. He is not supposed to do that.

–2–

He can do anything he wants to about the parties. He cannot attack, without good evidence and reason, an officer of this Court and it bothers me.

Donna's counsel apologized to the jury and stated that he misspoke. After closing, the jury returned a verdict in favor of Donna. Although Eduardo filed a motion for new trial, challenging the improper jury argument, sufficiency of the evidence, and evidentiary rulings, the motion for new trial was overruled by operation of law. This appeal followed.

## Applicable Law

The standard of review for a motion for new trial is abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009); *James v. Comm'n for Lawyer Discipline*, 310 S.W.3d 586, 593-94 (Tex. App.—Dallas 2010, no pet.); *MobileVision Imaging Servs., L.L.C. v. LifeCare Hosps. of N. Tex., L.P.*, 260 S.W.3d 561, 564 (Tex. App.—Dallas 2008, no pet.). We may not overrule the trial court's decision unless the trial court acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles. *Landerman v. State Bar of Tex.*, 247 S.W.3d 426, 433 (Tex. App.—Dallas 2008, pet. denied). When a movant for new trial makes no effort to have the motion set for a hearing or otherwise draw the trial court's attention to the motion, and the motion is overruled by operation of law, the trial court does not abuse its discretion. *Fluty v. Simmons Co.*, 835 S.W.2d 664, 666–68 (Tex. App.—Dallas 1992, no writ); *Shamrock Roofing Supply, Inc. v. Mercantile Nat'l Bank*, 703 S.W.2d 356, 357–58 (Tex. App.—Dallas 1985, no writ).

## Discussion

Eduardo contends the trial court erred by not granting his motion for new trial. Nothing in the record of this case indicates Eduardo attempted to bring the motion to the trial court's attention or to obtain a hearing on his motion. *James,* 310 S.W.3d at 593-594. Because Eduardo did not request a hearing, we cannot conclude the trial court abused its discretion.

Furthermore, to the extent Eduardo complains Donna's trial counsel made improper jury argument during closing statements, Eduardo did not object to the statements at trial, did not ask for an instruction, and did not move for a mistrial. "Generally, an objection to improper jury argument must be preserved by timely objection and request for an instruction that the jury disregard the improper remark." *See Nguyen v. Myers,* 442 S.W.3d 434, 442 (Tex. App.—Dallas 2013, no pet.). Because Eduardo did not object at trial, he failed to preserve any complaint for our review. Under these circumstances, we cannot conclude the trial court abused its discretion. We overrule Eduardo's issue.

We affirm the trial court's judgment.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

151080F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANGEL EDUARDO MARROQUIN
BRITTINGHAM, Appellant

No. 05-15-01080-CV      V.

DONNA LYNN BAKER BRITTINGHAM,
Appellee

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-03452-K.
Opinion delivered by Chief Justice Wright.
Justices Bridges and Lang participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

     It is **ORDERED** that appellee DONNA LYNN BAKER BRITTINGHAM recover her costs of this appeal from appellant ANGEL EDUARDO MARROQUIN BRITTINGHAM.

Judgment entered August 9, 2016.