**BOARD OF DISCIPLINARY
APPEALS, Relator**

v.

**The Honorable John R. McFALL,
Judge, Respondent.**

No. 94–0960.

Supreme Court of Texas.

Dec. 1, 1994.

---

Christine E. McKeeman and Thomas H. Watkins, Austin, for relator.

John R. McFall and Mark S. Smith, Lubbock, for respondent.

ON PETITIONS FOR WRITS OF MANDAMUS
AND PROHIBITION

PER CURIAM.

■ The Board of Disciplinary Appeals requests a writ of mandamus to vacate the district court's injunction against the suspension of an attorney and a writ of prohibition barring further proceedings in that court. Because the district court lacked jurisdiction to enjoin these disciplinary proceedings, we grant the requested relief.

In 1992, the State Bar initiated a disability disciplinary action against Mark S. Smith in accordance with TEX.R.DISCIPLINARY P. 12.01 (1992). At a hearing before the District Disability Committee, Smith stipulated to his disability and the Committee recommended a probated suspension. The Board of Disciplinary Appeals accepted the recommendation and issued a Judgment Probating Disability Suspension, setting out the terms and conditions of Smith's probation. One of the terms of Smith's probation was compliance with a supervision agreement, which required Smith to "remain abstinent from all alcohol and other mind altering drugs."

In March of 1994, a member of the Board of Disciplinary Appeals observed Smith drinking alcohol in a hotel bar. The State Bar subsequently filed a motion to revoke Smith's probation. At an evidentiary hearing, Smith admitted to having used alcohol while on probation. The Board of Disciplinary Appeals revoked the probation and suspended Smith from the practice of law. Smith filed a Notice of Appeal with this Court but did not request a stay of his suspension. The decision of the Board of

Disciplinary Appeals was affirmed on October 6, 1994.

The day after filing his appeal, Smith petitioned for a Temporary Restraining Order from the 237th District Court in Lubbock. Judge McFall granted the Temporary Restraining Order and scheduled a hearing on a temporary injunction. After the hearing, Judge McFall took the matter under advisement and extended the restraining order pending further hearings. The Board of Disciplinary Appeals then petitioned for a writ of mandamus and a writ of prohibition.

■ A writ of mandamus and writ of prohibition are appropriate when a district court issues an order beyond its jurisdiction. *Crouch v. Craik*, 369 S.W.2d 311, 314 (Tex. 1963). The district court lacked jurisdiction under the Rules of Disciplinary Procedure to enjoin Smith's suspension. Section 81.071 of the Texas Government Code provides that each attorney practicing in Texas is "subject to the disciplinary and disability jurisdiction of the supreme court and the Commission for Lawyer Discipline, a committee of the state bar." Pursuant to this authority, this court has established a comprehensive system of lawyer discipline governed by the Rules of Disciplinary Procedure.

The rules provide for appeals directly to this Court. TEX.R.DISCIPLINARY P. 7.11. If the appeal is unsuccessful, Smith may seek reinstatement in district court, with a jury trial if he desires one. TEX.R.DISCIPLINARY P. 12.06. The rules do not, however, provide for interim equitable relief, and the district court did not have the power to enjoin Smith's suspension.

In *State v. Sewell*, 487 S.W.2d 716 (Tex. 1972), we granted mandamus to vacate an injunction barring Grievance Committee proceedings, holding that an injunction by a district court "is an interference with the grievance procedures authorized by ... the State Bar Act and constitutes a clear abuse of discretion." *Id.* at 719. We did not even reach the question of whether an adequate remedy at law existed because the case was one "affecting the state as a whole and in which the orderly processes of government have been disturbed." *Id.* (quoting *State v. Ferguson*, 133 Tex. 60, 125 S.W.2d 272, 274

(1939)). Pursuant to Rule 122 of the Texas Rules of Appellate Procedure, without hearing oral argument, a majority of the court grants the writ of mandamus and the writ of prohibition.