The STATE BAR OF TEXAS, Relator,

v.

The Honorable Dwight JEFFERSON, Respondent.

No. 97–0276.

Supreme Court of Texas.

April 2, 1997.

Steven Wayne Young, Linda A. Acevedo, Austin, Cathleen C. Herasimchuk, Rusty Hardin, Houston, Lonny Morrison, Wichita Falls, Broadus A. Spivey, Austin, for relator.

Thomas R. McDade, Houston, Luther H. Soules, III, Brad L. Sklencar, Robinson C. Ramsey, San Antonio, T. Gerald Treece, Richard P. Keeton, James R. Leahy, Houston, for respondent.

PER CURIAM.

In this original proceeding, the State Bar of Texas petitions for writs of mandamus and prohibition to direct the district court not to interfere in pending attorney grievance proceedings. Two of the four lawyers subject to grievance proceedings in State Bar File No. HO119614117 successfully petitioned the district court to issue a temporary restraining order staying proceedings before an investigatory panel of the District 4–C Disciplinary Committee and preserving the jurisdiction of that panel. The two lawyers complain of numerous irregularities in the conduct of the proceeding, including the State Bar's use of special assistant disciplinary counsel to prosecute the case, the investigatory panel's refusal to attempt to negotiate a sanction with the lawyers, the panel's failure to make findings specifying what rules of professional conduct were violated, and the Bar's alleged dissemination of confidential information concerning this case. The two lawyers have made the same complaints in an original proceeding in this Court, *In re Hearing before a Panel of the* District 4–C Disciplinary Committee, No. 97–0243 (Tex. filed March 18, 1997). Proceedings in the district court have been sealed under Rule 76a(5), Tex. R.Civ.P.

In *Board of Disciplinary Appeals v. McFall*, 888 S.W.2d 471 (Tex.1994), we issued writs of mandamus and prohibition to prevent a district court's enjoining the Board of Disciplinary Appeals from revoking an attor-

ney's probation and suspending him from practice. We held:

A writ of mandamus and writ of prohibition are appropriate when a district court issues an order beyond its jurisdiction. *Crouch v. Craik,* 369 S.W.2d 311, 314 (Tex. 1963). The district court lacked jurisdiction under the Rules of Disciplinary Procedure to enjoin Smith's suspension. Section 81.071 of the Texas Government Code provides that each attorney practicing in Texas is "subject to the disciplinary and disability jurisdiction of the supreme court and the Commission for Lawyer Discipline, a committee of the state bar." Pursuant to this authority, this court has established a comprehensive system of lawyer discipline governed by the Rules of Disciplinary Procedure.

The rules provide for appeals directly to this Court. TEX.R.DISCIPLINARY P. 7.11. If the appeal is unsuccessful, Smith may seek reinstatement in district court, with a jury trial if he desires one. TEX.R.DISCIPLINARY P. 12.06. The rules do not, however, provide for interim equitable relief, and the district court did not have the power to enjoin Smith's suspension.

In *State v. Sewell,* 487 S.W.2d 716 (Tex. 1972), we granted mandamus to vacate an injunction barring Grievance Committee proceedings, holding that an injunction by a district court "is an interference with the grievance procedures authorized by ... the State Bar Act and constitutes a clear abuse of discretion." *Id.* at 719. We did not even reach the question of whether an adequate remedy at law existed because the case was one "affecting the state as a whole and in which the orderly processes of government have been disturbed." *Id.* (quoting *State v. Ferguson,* 133 Tex. 60, 125 S.W.2d 272, 274 (1939)).

*Id.* at 472–473.

The two lawyers in this case contend that, unlike the lawyer in *McFall* who had other remedies besides an injunction—namely, an appeal and an action for reinstatement—they have no other recourse for redress of their complaints. That contention simply overlooks the fact that the two lawyers in this case have requested the same relief from this

Court in another proceeding, No. 97–0243. Given that avenue of review, there is no more authority for the district court to grant injunctive relief in this case than there was in *McFall.* The Bar is therefore entitled to the same relief granted in *McFall.*

■ The Bar also requests that the district court be directed to dismiss the action for lack of subject matter jurisdiction, or alternatively, to proceed no further in the case. The two lawyers raise a number of complaints in the case, including the contention that the Texas Rules of Disciplinary Procedure are unconstitutional. To the extent that resolution of these issues does not interfere with a specific grievance proceeding, the district court has jurisdiction to address them. *See State Bar of Texas v. Gomez,* 891 S.W.2d 243, 245 (Tex.1994). We therefore decline to grant such broad relief.

■ Finally, the Bar requests that all papers filed in the district court case be unsealed. The district court ordered the papers temporarily sealed under Rule 76a(5), TEX.R.CIV.P. The order provides for further proceedings as required by Rule 76a. The Bar may yet obtain from the district court the relief it seeks, and if it does not, it may appeal under Rule 76a(8). Mandamus is therefore unavailable.

Accordingly, we grant leave to file the petition for writs of mandamus and prohibition and without hearing oral argument conditionally grant partial relief. We direct the district court to vacate immediately its temporary restraining order issued March 19, 1997, and to directly interfere no further in the proceedings in State Bar File No. HO119614117. We deny all further relief. We are confident that the district court will comply without delay. Writs will issue only if it does not.