**In re the STATE BAR OF TEXAS, Relator.**

No. 97–0347.

Supreme Court of Texas.

Oct. 30, 1997.

Linda A. Acevedo, Steven Wayne Young, Austin, for Relator.

Francisco J. Rodriguez, John B. Skaggs, Alberto T. Garcia, Thomas O. Matlock, Jr., McAllen, Lidia Serrata, Victoria, Keith C. Livesay, McAllen, for Respondent.

PER CURIAM.

After the State Bar of Texas initiated a disciplinary action against attorney Leo Pruneda in the 275th District Court of Hidalgo County, Pruneda sued the State of Texas in County Court at Law No. 1 in Hidalgo County and obtained an "Order Granting Writ of Habeas Corpus", ordering that "the State of Texas, either in its own name, or through its subdivision, the State Bar of Texas, cease and desist all present or future prosecutions of [Pruneda], ... and shall take all steps necessary to cease any and all prosecutions which are currently pending." The order also states: "All costs of this proceeding are taxed against [the State of Texas], even though it is exempt from the payment of costs." The State Bar of Texas has applied directly to this Court for mandamus relief to have the order set aside.

A trial court has no jurisdiction to enjoin attorney disciplinary proceedings. *State Bar of Texas v. Jefferson,* 942 S.W.2d 575 (Tex.1997); *Board of Disciplinary Appeals v. McFall,* 888 S.W.2d 471 (Tex.1994); *State v. Sewell,* 487 S.W.2d 716 (Tex.1972). The appropriate relief from such an injunction is mandamus from this Court. *Jefferson,* 942 S.W.2d at 576; *McFall,* 888 S.W.2d at 472–473.

Accordingly, without hearing argument, the Court grants the petition of the State Bar of Texas and directs respondent, Hon. Rodolfo Delgado, to vacate the order dated March 26, 1997, in Cause No. CL–26,448–A, styled *Leo Pruneda v. State of Texas,* to dismiss that cause of action for want of jurisdiction, and to notify the Clerk of this Court

when the order has been vacated and the action dismissed. If Judge Delgado fails to comply immediately, our writ will issue. TEX.R.APP. P 59.1.