ACCEPTED
03-15-00007-CV
5271363
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/13/2015 3:20:27 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00007-CV

_____

# In the Court of Appeals
# Third District of Texas
# Austin, Texas

FILED
May 14, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

_____

JOHN DOE,

APPELLANT

V.

BOARD OF DIRECTORS OF THE STATE BAR OF TEXAS,
COMMISSION FOR LAWYER DISCIPLINE, AND
LINDA ACEVEDO IN HER OFFICIAL CAPACITY
AS THE CHIEF DISCIPLINARY COUNSEL OF THE STATE BAR OF TEXAS,

APPELLEES

_____

*Appealed from the 126th District Court*
*Of Travis County, Texas*
*Honorable Scott Jenkins, Judge Presiding*

_____

**AMENDED BRIEF OF APPELLEES**

***(ORAL ARGUMENT REQUESTED)***

_____

LINDA A. ACEVEDO
CHIEF DISCIPLINARY COUNSEL

LAURA BAYOUTH POPPS
DEPUTY COUNSEL FOR ADMINISTRATION

CYNTHIA CANFIELD HAMILTON
SENIOR APPELLATE COUNSEL

OFFICE OF THE CHIEF DISCIPLINARY COUNSEL
STATE BAR OF TEXAS
P.O. BOX 12487
AUSTIN, TEXAS 78711-2487
512.427.1350; 1.877.953.5535
FAX: 512.427.4167

APPELLANT

John Doe

COUNSEL FOR APPELLANT

GAINES WEST
State Bar No. 21197500
gaines.west@westwebblaw.com

JENNIFER D. JASPER
State Bar No. 24027026
jennifer.jasper@westwebblaw.com

ROB GEORGE
State Bar No. 24067623
rob.george@westwebblaw.com

WEST, WEBB, ALLBRITTON & GENTRY, P.C.
1515 Emerald Plaza
College Station, Texas  77845
Telephone:  979.694.7000
Fax:  979.694.8000

APPELLEES

BOARD OF DIRECTORS OF THE STATE BAR OF TEXAS
COMMISSION FOR LAWYER DISCIPLINE
LINDA ACEVEDO, CHIEF DISCIPLINARY COUNSEL OF THE STATE BAR OF TEXAS

STATE BAR OF TEXAS
P.O. Box 12487
Austin, Texas 78711

COUNSEL FOR APPELLEES

LINDA A. ACEVEDO
Chief Disciplinary Counsel

LAURA BAYOUTH POPPS
Deputy Counsel for Administration

CYNTHIA CANFIELD HAMILTON
Senior Appellate Counsel
STATE BAR CARD NO. 00790419
Email: cynthia.hamilton@texasbar.com

State Bar of Texas
P.O. Box 12487
Austin, Texas 78711-2487
512.427.1350; 1.877.953.5535
Fax: 512.427.4167

TABLE OF CONTENTS

PAGE

NAMES OF PARTIES AND COUNSEL ............................................................................1

INDEX OF AUTHORITIES ...........................................................................................5

STATEMENT OF THE CASE .......................................................................................10

SOLE ISSUE PRESENTED .........................................................................................11

> Did the district court correctly grant Appellees' motion to dismiss for want of subject-matter jurisdiction because immunity barred Appellant's claims and they were nonjusticiable?

SUMMARY OF THE ARGUMENT ................................................................................12

ARGUMENT AND AUTHORITIES ...............................................................................13

I. A de novo standard of review applies .........................................................13

II. The Chief Disciplinary Counsel has discretion to decide to present a complaint alleging attorney misconduct to a summary disposition panel with a recommendation for dismissal, and the disciplinary rules prohibit the disclosure of records associated with the complaint once the panel dismisses it ...............................................................................13

III. Sovereign immunity bars Appellant's claims.............................................16

    A. Appellees enjoy the protection of sovereign immunity ....................16

    B. The UDJA does not waive Appellees' sovereign immunity for Appellant's claims...........................................................................18

    C. The exceptions cited by Appellant do not apply because they do not fit the real substance of his claims ...............................................19

        1. Appellant does not challenge the validity of a statute ..............20

        2. The ultra vires exception does not apply ................................22

IV.    Statutory immunity bars Appellant's claims ....................................................24

V.    Appellant's claims are nonjusticiable..........................................................26

    A.    The relief sought by Appellant would usurp the Supreme Court's authority to regulate the practice of law.................................26

    B.    Appellant seeks an advisory opinion...................................................29

PRAYER....................................................................................................................31

CERTIFICATES OF COMPLIANCE AND SERVICE ........................................................32

INDEX OF AUTHORITIES

CASES                                                                                    PAGE

*Bacon v. Tex. Historical Comm'n*,
    411 S.W.3d 161 (Tex.App.—Austin 2013, no pet.)....................13, 17, 29, 30

*Bd of Disciplinary Appeals v. McFall*,
    888 S.W.2d 471 (Tex. 1994) (orig. proceeding) (per curiam) .....................28

*Bradt v. West*,
    892 S.W.2d 56 (Tex.App.—Houston [1st Dist.] 1994, writ denied) .............25

*City of El Paso v. Heinrich*,
    284 S.W.3d 366 (Tex. 2009) ...............................................................19, 24

*Federal Sign v. Tex. Southern Univ.*,
    951 S.W.2d 401 (Tex. 1997) .......................................................................16

*Houston Mun. Employees Pension Sys. v. Ferrell*,
    248 S.W.3d 151 (Tex. 2007) .......................................................................27

*In re Caballero*,
    272 S.W.3d 595 (Tex. 2008) ................................................................14, 20

*In re State Bar of Tex.*,
    113 S.W.3d 730 (Tex. 2003) (orig. proceeding) ...........................................26

*In re State Bar of Tex.*,
    440 S.W.3d 621 (Tex. 2014) (orig. proceeding) ...........................................28

*Laubach v. State Bar of Tex.*,
    2000 WL1675701 (Tex.App.—Austin 2000, no pet.) (mem. op.)................25

*O'Quinn v. State Bar of Tex.*,
    763 S.W.2d 397 (Tex. 1988) .......................................................................14

*Reata Const. Corp. v. City of Dallas*,
    197 S.W.3d 371 (Tex. 2006) (per curiam) ...................................................17

*State Bar of Tex. v. Gomez*,
      891 S.W.2d 243 (Tex. 1994) ...................................................... 13-14, 27

*State Bar of Tex. v. Heard*,
      603 S.W.2d 829 (Tex. 1980) (orig. proceeding) ...........................................27

*State Bar of Tex. v. Jefferson*,
      942 S.W.2d 575 (Tex. 1997) (orig. proceeding) ...........................................28

*State v. Sewell*,
      487 S.W.2d 716 (Tex. 1972) (orig. proceeding) ...........................................28

*Tex. Dep't of Parks & Wildlife v. Miranda*,
      133 S.W.3d 217 (Tex. 2004) .................................................................13, 17

*Tex. Dep't of Transportation v. Sefzik*,
      355 S.W.3d 618 (Tex. 2011) (per curiam) ...........................16, 18, 19, 21, 22

*Tex. Parks & Wildlife Dep't v. Sawyer Trust*,
      354 S.W.3d 384 (Tex. 2011) .........................................................18, 19, 22

*University Scholastic League v. Buchanan*,
      848 S.W.2d 298 (Tex.App.—Austin 1993, no writ) ....................................31

*Willie v. Comm'n for Lawyer Discipline*,
      2011 WL 3064158 (Tex.App.—Houston [14th Dist.] 2011, pet. denied)
      (mem. op.)........................................................................................ 16-17


STATUTES AND RULES                                          PAGE

TEX. CIV. PRAC. & REM. CODE §37.002(a) ...........................................................18
TEX. CIV. PRAC. & REM. CODE §37.006(b).................................................... 18-19

TEX. GOV'T CODE ANN. § 81.011(a).....................................................................16
TEX. GOV'T CODE ANN. § 81.072(a) and (c)........................................................27
TEX. GOV'T CODE ANN. § 81.072(b)(10).............................................................23
TEX. GOV'T CODE ANN. § 81.076(g).....................................................................17

TEX. DISCIPLINARY RULES PROF'L CONDUCT, Preamble ...........................................25

TEX. RULES DISCIPLINARY P. R. 1.06G ...................................................................14
TEX. RULES DISCIPLINARY P. R. 1.06R ...................................................................14
TEX. RULES DISCIPLINARY P. R. 1.06S....................................................................14
TEX. RULES DISCIPLINARY P. R. 15.09 ..............................................................25, 26
TEX. RULES DISCIPLINARY P. R. 2.10 .....................................................................14
TEX. RULES DISCIPLINARY P. R. 2.12 .....................................................................15
TEX. RULES DISCIPLINARY P. R. 2.13 ..............................................................15, 22, 29
TEX. RULES DISCIPLINARY P. R. 2.16 ................................................................15, 23
TEX. RULES DISCIPLINARY P. R. 2.17(J)..................................................................15

_____

# In the Court of Appeals
# Third District of Texas
# Austin, Texas

_____

JOHN DOE,

APPELLANT

V.

BOARD OF DIRECTORS OF THE STATE BAR OF TEXAS,
COMMISSION FOR LAWYER DISCIPLINE, AND
LINDA ACEVEDO IN HER OFFICIAL CAPACITY
AS THE CHIEF DISCIPLINARY COUNSEL OF THE STATE BAR OF TEXAS,

APPELLEES

_____

*Appealed from the 126th District Court
Of Travis County, Texas
Honorable Scott Jenkins, Judge Presiding*

_____

**AMENDED BRIEF OF APPELLEES**

***(ORAL ARGUMENT REQUESTED)***

_____

TO THE HONORABLE COURT OF APPEALS:

Appellees, the Board of Directors of the State Bar of Texas, the Commission for Lawyer Discipline, and Linda Acevedo in her official capacity as the Chief Disciplinary Counsel of the State Bar of Texas, submit this brief in response to the brief filed by Appellant, John Doe. For clarity, this brief refers to the three

8

appellees jointly as "Appellees" and refers to Appellant as "Appellant." The brief designates references to the clerk's record as "CR" followed by the page number(s) where the referenced material can be found in the clerk's record. References to Appellant's brief are designated "Appellant's Br." followed by the page number(s) where the referenced material can be found in the brief. References to rules are references to the Texas Rules of Disciplinary Procedure unless otherwise noted.[1]

---

[1] *Reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G. app. A-1 (West 2013).

*Type of Proceeding*:    Action for declaratory relief under the Uniform Declaratory Judgments Act, TEX. CIV. PRAC. & REM. CODE §§ 37.001-.011 (West 2013)

*Plaintiff/Appellant*:    John Doe

*Defendants/Appellees*:    The Board of Directors of the State Bar of Texas
The Commission for Lawyer Discipline
The Chief Disciplinary Counsel of the State Bar of Texas

*Trial Judge*:    The Honorable Scott Jenkins

*Final Order*:    Order Granting Motion to Dismiss:  On October 8, 2014, the Honorable Scott Jenkins granted Defendants' motion to dismiss for want of jurisdiction.

Did the district court correctly grant Appellees' motion to dismiss for want of subject-matter jurisdiction because immunity barred Appellant's claims and they were nonjusticiable?

Sovereign immunity protects the State Bar of Texas, as well as its various departments and committees, from suit. And Rule 15.09 of the Texas Rules of Disciplinary Procedure takes immunity a step further by granting *absolute and unqualified* immunity to the Chief Disciplinary Counsel, the Commission for Lawyer Discipline, and the Board of Directors of the State Bar (among others) for any conduct in the course of their official duties. The immunity granted by Rule 15.09 extends to all actions at law or in equity. It bars all of Appellant's claims.

Appellant's claims also fail because of the prohibition against interference in disciplinary proceedings. A district court cannot usurp the Texas Supreme Court's inherent and statutory authority to regulate the practice of law in Texas. The relief that Appellant requested from the district court would interfere with the Supreme Court's authority because, in effect, it would require the district court to promulgate a new rule regarding the confidentiality of disciplinary proceedings. The Supreme Court has already promulgated a confidentiality rule, and its plain language prohibits the relief sought by Appellant.

Because Appellant's claims cannot survive the broad protection provided by immunity or the prohibition against interference with the Supreme Court's authority to regulate the practice of law, the district court properly dismissed his claims for want of jurisdiction.

## I. A de novo standard of review applies.

Whether a district court has subject-matter jurisdiction is a question of law that an appellate court reviews de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The ultimate inquiry is whether the facts presented in the pleadings affirmatively demonstrate a claim that is within the district court's jurisdiction. *Bacon v. Tex. Historical Comm'n*, 411 S.W.3d 161, 171 (Tex.App.—Austin 2013, no pet.). If the inquiry involves the construction of a statute (which an appellate court also reviews de novo), the primary objective is to give effect to the statute's plain language. *Id.*

## II. The Chief Disciplinary Counsel has discretion to decide to present a complaint alleging attorney misconduct to a summary disposition panel with a recommendation for dismissal, and the disciplinary rules prohibit the disclosure of records associated with the complaint once the panel dismisses it.

Before a complaint alleging attorney misconduct may be litigated in an administrative forum or a district court, it must first go through a screening process at the agency level. This case focuses on actions taken during that preliminary stage of the disciplinary process.

The Texas Rules of Disciplinary Procedure, which the Texas Supreme Court promulgated pursuant to its inherent and statutory authority to regulate the practice of law, govern the administrative screening process. *State Bar of Tex. v. Gomez*,

891 S.W.2d 243 (Tex. 1994). The disciplinary rules have the same force and effect as statutes. *In re Caballero*, 272 S.W.3d 595, 599 (Tex. 2008); *O'Quinn v. State Bar of Tex.*, 763 S.W.2d 397, 399 (Tex. 1988).

The disciplinary process generally begins with the filing of a grievance against an attorney.[2] TEX. RULES DISCIPLINARY P. R. 2.10. Within thirty days after a grievance is filed, the Office of the Chief Disciplinary Counsel (CDC) must review it and make a threshold screening decision known as "classification." *Id.* Classification involves a determination by CDC to categorize each incoming grievance as either (1) an "inquiry" that alleges conduct which does not constitute professional misconduct or (2) a "complaint" that alleges conduct which does constitute professional misconduct. TEX. RULES DISCIPLINARY P. R. 2.10, 1.06G, 1.06S. Grievances classified as inquiries are dismissed, but a grievance classified as a complaint is sent to the respondent attorney with notice to provide a written response to the allegations within thirty days. TEX. RULES DISCIPLINARY P. R. 2.10.

Within sixty days after the deadline for a respondent attorney to provide a written response to a grievance that has been classified as a complaint, CDC must investigate the complaint and determine whether there is "just cause" to proceed.

---

[2]"'Grievance' means a written statement, from whatever source, apparently intended to allege Professional Misconduct by a lawyer, or lawyer Disability, or both, received by the Office of Chief Disciplinary Counsel." TEX. RULES DISCIPLINARY P. R. 1.06R.

TEX. RULES DISCIPLINARY P. R. 2.12. If CDC determines that there is no just cause, the matter is placed on a dismissal docket for presentation to a summary disposition panel of a grievance committee. TEX. RULES DISCIPLINARY P. R. 2.13. CDC presents the complaint "together with any information, documents, evidence, and argument deemed necessary and appropriate by [CDC]" without the presence of either the complainant or the respondent. *Id.* A summary disposition panel may vote to proceed despite CDC's determination that just cause does not exist, or the panel may dismiss the matter. *Id.* In either case, the panel's decision cannot be appealed. *Id.*

Confidentiality is a prominent feature of the disciplinary process. Rule 2.16 provides:

> All members and staff of the Office of Chief Disciplinary Counsel, Board of Disciplinary Appeals, Committees, and Commission shall maintain as confidential all Disciplinary Proceedings and associated records . . . .

TEX. RULES DISCIPLINARY P. R. 2.16. The disciplinary rules provide for a number of specific limited exceptions to confidentiality. *See, e.g., Id.*; TEX. RULES DISCIPLINARY P. R. 2.17(J). Most notably, disciplinary judgments that find professional misconduct and impose public sanctions are excepted from the confidentiality requirements. TEX. RULES DISCIPLINARY P. R. 2.16. No exception allows the disclosure of records associated with a complaint dismissed by a summary disposition panel.

15

Despite Rule 2.16's clear mandate regarding confidentiality, Appellant filed suit in district court seeking a declaration that the Chief Disciplinary Counsel was required to provide him with a copy of its recommendation to a summary disposition panel that resulted in the dismissal of a complaint that he had filed against an attorney (CR 78-85). Appellant asked the district court to declare that he was entitled to receive a copy of the recommendation and to order Appellees to provide a copy (CR 84-85). He also sought the recovery of attorney's fees, costs, and interest (CR 84-85).

## III. Sovereign immunity bars Appellant's claims.

### A. Appellees enjoy the protection of sovereign immunity.

Sovereign immunity protects the State of Texas, its agencies, and its officials from lawsuits, including suits for declaratory or injunctive relief, unless immunity has been explicitly waived. *Tex. Dep't of Transportation v. Sefzik*, 355 S.W.3d 618, 621-22 (Tex. 2011) (per curiam); *Federal Sign v. Tex. Southern Univ.*, 951 S.W.2d 401, 405 (Tex. 1997). The State Bar is a government agency that is entitled to the protection afforded by sovereign immunity. TEX. GOV'T CODE ANN. § 81.011(a) (West 2013) (describing State Bar as administrative agency of judicial department of government). As a standing committee of the State Bar, the Commission is likewise protected by sovereign immunity. *Willie v. Comm'n for Lawyer Discipline*, 2011 WL 3064158 (Tex.App.—Houston [14th Dist.] 2011, pet.

16

denied) (mem. op.). And as a government official, the Chief Disciplinary Counsel is protected by sovereign immunity. *See* TEX. GOV'T CODE ANN. § 81.076(g) (West 2013) (authorizing the Commission for Lawyer Discipline, with the advice and consent of State Bar Board of Directors, to select a Chief Disciplinary Counsel to serve as the administrator of the State Bar's grievance procedure).

Sovereign immunity includes both immunity from suit, which bars a lawsuit unless the state has expressly consented to the suit, and immunity from liability, which protects the state from judgments even where consent to sue has been granted. *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006) (per curiam). Such protection exists because "[a] lack of immunity may hamper governmental functions by requiring tax resources to be used for defending lawsuits and paying judgments rather than using those resources for their intended purposes." *Id.* at 375. Sovereign immunity also helps preserve the separation of powers that is a fundamental aspect of a tripartite government. *Bacon,* 411 S.W.3d at 172-73. Where sovereign immunity from suit bars a claim against a governmental entity, such immunity deprives the trial court of subject-matter jurisdiction over the claim. *Miranda*, 133 S.W.3d at 224.

In his brief, Appellant acknowledges that because of sovereign immunity, he cannot bring a claim against Appellees except as expressly permitted by a legislative waiver of immunity. Appellant's Br. 7. He also acknowledges that the

17

Uniform Declaratory Judgments Act (UDJA) does not waive Appellees' immunity. Appellant's Br. 7. Nonetheless, he argues (at least implicitly) that a district court has jurisdiction over his claims because he is challenging (1) the validity of a statute and (2) ultra vires acts by the Chief Disciplinary Counsel. Appellant's Br. 7. Appellant's argument reflects a fundamental misunderstanding of these exceptions to sovereign immunity.

**B.    The UDJA does not waive Appellees' sovereign immunity for Appellant's claims.**

There is no general right to sue a state agency for a declaration of rights. *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011). And the UDJA creates no such right because it does not operate as a general waiver of sovereign immunity. *Id.* The UDJA merely provides that "[a] court of record *within its jurisdiction* has power to declare rights, status, and other legal relations. . . ." TEX. CIV. PRAC. & REM. CODE §37.002(a) (West 2013) (emphasis added). It is nothing more than a procedural device that cannot enlarge a district court's jurisdiction to permit claims like those raised by Appellant. *Sefzik*, 355 S.W.3d at 621-22; *Sawyer Trust*, 354 S.W.3d at 388. Thus, "sovereign immunity bars UDJA actions against the state and its political subdivisions absent a legislative waiver." *Sefzik*, 355 S.W.3d at 621.[3]

---

[3] The UDJA expressly waives sovereign immunity for certain specified claims, such as a declaratory action that challenges the validity of a municipal ordinance. TEX. CIV. PRAC.

Because no provision of the UDJA can provide a district court with jurisdiction in this case, Appellant could bring a declaratory action against Appellees only if the underlying claim is one for which immunity has been expressly waived by some other provision of law. *Id.* A court must examine the "'the real substance'" of a claim to determine whether it falls within the scope of a waiver. *Sawyer Trust*, 354 S.W.3d at 389.

## C. The exceptions cited by Appellant do not apply because they do not fit the real substance of his claims.

In *Sefzik*, the Supreme Court made it crystal clear that sovereign immunity bars UDJA actions against the state unless the underlying claim is one for which immunity has been waived in express and unambiguous language. For example, "the state may be a proper party to a declaratory judgment action that challenges the validity of a statute." *Sefzik*, at 622. And immunity does not prohibit a UDJA action to challenge ultra vires conduct by a government official. *Id.* at 621-22.

To get around *Sefzik*'s clear proclamation that sovereign immunity bars UDJA actions against the state absent a legislative waiver, Appellant unsurprisingly relies on the two exceptions that allow a plaintiff to challenge the validity of a statute and ultra vires conduct by a state official. But the truth is that

---

& REM. CODE §37.006(b); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.6 (Tex. 2009). Appellant has not identified any UDJA provision that even arguably waives immunity in this case.

his live pleadings asserted neither type of claim. His conclusory assertions regarding the nature of his claims cannot stand up to scrutiny.

### 1. Appellant does not challenge the validity of a statute.

Appellant specifically asked the district court for declarations that (1) he is entitled to receive a copy of the Chief Disciplinary Counsel's recommendation to a summary disposition panel prior to the presentation of the recommendation; (2) the confidentiality provisions of Rule 2.16 do not apply to him and do not prohibit him from receiving and Appellees providing a copy of the recommendation prior to its presentation to a summary disposition panel; and (3) Linda Acevedo, in her capacity as Chief Disciplinary Counsel, by and through her employee agents, acted without legal authority in denying Appellant a copy of the recommendation. Appellant also asked for an order requiring Appellees to provide a copy of the recommendation to him, and he requested attorney's fees, prejudgment and postjudgment interest, and court costs (CR 84-85).

Nowhere in Appellant's live pleadings did he challenge the validity of any statute. The only statute he questioned was Rule 2.16.[4] But rather than disputing the *validity* of the rule, Appellant acknowledged its substantive mandate – that the Appellees must maintain the confidentiality of all disciplinary proceedings – without challenging it (CR 81-82). Instead, he challenged the *application* of the

---

[4] The disciplinary rules have the same force and effect as statutes. *Caballero*, 272 S.W.3d at 599.

20

rule to him as an individual who filed a complaint against an attorney (CR 81-82). He essentially argued that the Chief Disciplinary Counsel should have applied a nonexistent exception to Rule 2.16.

A challenge to the application of a statute is not a challenge to the validity of a statute. Appellant has made no claim that Rule 2.16 is unconstitutional or otherwise impermissible. He has simply asked for review of the Chief Disciplinary Counsel's application of Rule 2.16. Because of the bar established by sovereign immunity, a district court could consider such a claim only if Appellant articulated a valid ultra vires claim. And even if Appellant alleged a valid ultra vires claim against the Chief Disciplinary Counsel, it would not save his claims against the Commission for Lawyer Discipline and the Board of Directors of the State Bar because governmental entities are not proper parties to a suit seeking declaratory relief for ultra vires action. *Sefzik*, 355 S.W.3d at 621.

All in all, the real substance of Appellant's claims leaves no room for an argument that the district court had jurisdiction over the Commission for Lawyer Discipline or the Board of Directors of the State Bar. Sovereign immunity barred Appellant's claims against both entities. And his claims against the Chief Disciplinary Counsel could survive sovereign immunity only if they are valid ultra vires claims.

21

### 2. The ultra vires exception does not apply.

*Sefzik* explained the interplay between sovereign immunity and ultra vires acts by government officials. 355 S.W.3d at 621. The Supreme Court held that the ultra vires exception allows claims against a state official for *nondiscretionary* acts, in his or her official capacity, that are not authorized by law. The exception does not apply if the official's acts were discretionary. *Id.*; *Sawyer Trust*, 354 S.W.3d at 395 (Jefferson, C.J., concurring).

Appellant seeks to compel an affirmative act by a government official – the provision of a report to him as a complainant. For an affirmative act to be nondiscretionary, the law must indisputably require it. But Appellant has not identified any law that even arguably required the Chief Disciplinary Counsel to provide him with a copy of her recommendation to the summary disposition panel, and indeed none exists.

In fact, neither Rule 2.13, which governs summary disposition, nor any other provision of the disciplinary rules requires the Chief Disciplinary Counsel to even prepare a written recommendation for submission to a summary disposition panel. Instead, Rule 2.13 directs the Chief Disciplinary Counsel to present the complaint "together with *any* information, documents, evidence, and argument *deemed necessary and appropriate by the Chief Disciplinary Counsel*." TEX. RULES DISCIPLINARY P. R. 2.13 (emphasis added). This provision plainly grants the Chief

Disciplinary Counsel almost unfettered discretion to determine what to submit to a summary disposition panel, including discretion to determine whether to prepare and submit a written recommendation.

Moreover, another provision of the disciplinary rules explicitly disallows the action Appellant seeks. As Appellant acknowledged in his pleadings (CR 81), Rule 2.16 directs the Chief Disciplinary Counsel to maintain as confidential all disciplinary proceedings and associated records. TEX. RULES DISCIPLINARY P. R. 2.16. Aside from certain specified exceptions[5] to the confidentiality mandate of Rule 2.16, its plain language clearly prohibits the Chief Disciplinary Counsel from disclosing records associated with disciplinary proceedings.

In short, no provision of law requires the Chief Disciplinary Counsel to provide a complainant with a copy of a recommendation to a summary disposition panel. And, in fact, the law not only provides broad discretion to the Chief Disciplinary Counsel in relation to submissions to summary disposition panels but also explicitly requires that all records associated with disciplinary proceedings remain strictly confidential except as provided by limited exceptions that do not fit the facts of this case. Under the circumstances, it cannot be argued that Appellant

---

[5] For example, an exception allows for the disclosure of certain documents, upon request, after misconduct is found and a public sanction is imposed (Rule 2.16(A)(2)). And, as noted by Appellant in his supplemental brief, an exception provides for complainants to attend evidentiary hearings (TEX. GOV'T CODE ANN. § 81.072(b)(10) (West 2013)). No such exception directs the Chief Disciplinary Counsel to provide a copy of a summary disposition recommendation to a complainant.

sought the performance of an act that was purely ministerial. *See Heinrich,* 284 S.W.3d at 372 (holding that to come within ultra-vires exception, plaintiff "must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act").

The real substance of Appellant's claims, then, is that he seeks the amendment of Rule 2.16. His pleadings acknowledged the unambiguous prohibition against the disclosure of the information that he wants, and he did not question the prohibition's validity. In light of the prohibition, his conclusory assertion that the Chief Disciplinary Counsel acted ultra vires in denying disclosure is illogical. Instead of seeking to compel a ministerial act that the law mandates, he has sought to compel an act that is explicitly prohibited. Therefore, he did not plead a valid ultra vires claim.

## IV. Statutory immunity bars Appellant's claims.

Rule 15.09 of the Texas Rules of Disciplinary Procedure supplements sovereign immunity. It provides absolute and unqualified immunity to virtually everyone officially involved in the disciplinary process:

> . . . All members of the Commission, the Chief Disciplinary Counsel (including Special Assistant disciplinary Counsel appointed by the Commission and attorneys employed on a contract basis by the Chief Disciplinary Counsel), all members of Committees, all members of the Board of Disciplinary Appeals, all members of the district Disability Committees, all officers and Directors of the State Bar, and the staff members of the aforementioned entities are immune from suit

for any conduct in the course of their official duties.  The immunity is absolute and unqualified and extends to all actions at law or in equity.

TEX. RULES DISCIPLINARY P. R. 15.09.

Much as the common law provides absolute immunity to judges and prosecutors while engaged in judicial and prosecutorial functions, Rule 15.09 provides absolute immunity to a person officially performing an adjudicative or prosecutorial function in the disciplinary system.  *See, e.g., Bradt v. West*, 892 S.W.2d 56, 66-71 (Tex.App.—Houston [1st Dist.] 1994, writ denied) (explaining purpose and application of doctrines of absolute judicial immunity and absolute prosecutorial immunity).  An obvious purpose of the immunity provided by Rule 15.09 is to allow the participants in the disciplinary system to discharge their official duties without fear of being sued.  Although absolute immunity might result in unfairness to an individual plaintiff, it is vital to the effective operation of a disciplinary system that serves primarily to promote the public interest.  Preamble, TEX. DISCIPLINARY RULES PROF'L CONDUCT.

Because immunity from suit under Rule 15.09 is *absolute and unqualified* and *extends to all actions at law or in equity*, Appellees are immune from being sued for their official actions related to disciplinary proceedings regardless of the claim asserted.  TEX. RULES DISCIPLINARY P. R. 15.09; *Laubach v. State Bar of Tex.*, 2000 WL1675701 (Tex.App.—Austin 2000, no pet.) (mem. op.).  And although Appellant argues that the immunity provided by Rule 15.09 is limited to

25

suits against Appellees in their individual capacities, the plain language of the rule says otherwise as it specifies that they "are immune from suit for any conduct in the course of their official duties."  TEX. RULES DISCIPLINARY P. R. 15.09

## V.     Appellant's claims are nonjusticiable.

The district court correctly dismissed Appellant's claims not only because of immunity but also because they are nonjusticiable.  He essentially asked the district court to exercise authority reposed exclusively in the Texas Supreme Court.  He also sought a decision that would be advisory in nature.

### A. The relief sought by Appellant would usurp the Supreme Court's authority to regulate the practice of law.

The Texas Constitution and the State Bar Act provide the Supreme Court with authority to regulate the practice of law in Texas.  *In re State Bar of Tex.*, 113 S.W.3d 730, 732 (Tex. 2003) (orig. proceeding).  From the Constitution, the Court derives inherent regulatory authority that dictates a separation of powers and implies the Court's supervisory role in the regulation of the practice of law.  *Id.* From the State Bar Act, the Court derives statutory authority which gives it "'administrative control over the State Bar and provides a statutory mechanism for promulgating regulations governing the practice of law.'"  *Id.* (citation omitted). This statutory authority includes explicit power to establish disciplinary procedures in furtherance of the Court's authority to supervise attorney conduct, as well as to prepare, propose, and adopt rules that it deems necessary for disciplining attorneys.

TEX. GOV'T CODE ANN. § 81.072(a) and (c) (West 2013). The purpose of the State Bar Act is to aid the Court's inherent power to regulate the practice of law. *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 831 (Tex. 1980) (orig. proceeding).

"[A] district court does not have authority to grant relief that would unreasonably usurp the supervisory control vested exclusively in the [S]upreme [C]ourt. . . . This prohibition includes the rendition of orders that would, as a practical matter, preempt [the Supreme] Court's authority." *Gomez*, 891 S.W.2d at 244-45, 246 . Like the plaintiffs in *Gomez*, who asked a district court to force the State Bar to implement a de facto rule requiring mandatory pro bono service, Appellant seeks relief that would preempt the Supreme Court's authority. The declaratory judgment requested by Appellant would essentially rewrite the confidentiality requirements established by the Court in Rule 2.16.

That Appellant ostensibly sought declaratory relief does not transform his claim into one that the district court had authority to grant. Appellant's request is untenable because he effectively seeks a change to Rule 2.16 and any change to the disciplinary rules may be made only by the Supreme Court acting in its administrative capacity. *Id.; see also Houston Mun. Employees Pension Sys. v. Ferrell,* 248 S.W.3d 151 (Tex. 2007) (affirming district court's grant of plea to the jurisdiction because plaintiffs sought declaratory relief regarding their rights under

a pension plan but the statute governing the pension plan did not provide a right to judicial review of the pension board's administrative decisions regarding the plan).

In short, a district court has no authority to interfere in disciplinary proceedings at any stage of the disciplinary process. *See, e.g.*, *In re State Bar of Tex.*, 440 S.W.3d 621 (Tex. 2014) (orig. proceeding) (granting mandamus relief from district court's order that directed the Commission to turn over investigative records because "[a]n order that directly interferes with the Commission's ability to collect and present evidence is as much a direct interference in the disciplinary process as an order directed to a grievance panel itself"); *State Bar of Tex. v. Jefferson*, 942 S.W.2d 575, 576 (Tex. 1997) (orig. proceeding) (granting mandamus relief from district court's order that enjoined proceedings during the investigatory phase of the disciplinary process); *Bd of Disciplinary Appeals v. McFall*, 888 S.W.2d 471, 472 (Tex. 1994) (orig. proceeding) (per curiam) (granting mandamus relief from district court's order enjoining a disciplinary suspension ordered by the Board of Disciplinary Appeals because the disciplinary rules "do not provide for interim equitable relief, and the district court did not have the power to enjoin" the suspension); *State v. Sewell*, 487 S.W.2d 716 (Tex. 1972) (orig. proceeding) (granting mandamus relief from district court's order that enjoined proceedings during the investigatory phase of the disciplinary process because an injunction by a district court "is an interference with the grievance

28

procedures authorized by . . . the State Bar Act and constitutes a clear abuse of discretion").

This prohibition operates to prevent a district court's interference in the disciplinary process regardless of whether the party seeking relief is a respondent or a complainant. If Appellant wants a new rule which would require the Chief Disciplinary Counsel to prepare written summary disposition recommendations and provide copies of them to complainants, he must petition the Supreme Court to promulgate a rule in its administrative capacity. He cannot ask the district court to effectively force the de facto promulgation of such a rule.

### B. Appellant seeks an advisory opinion.

Appellant's claims are moot because the summary disposition panel considered his allegations against the respondent attorney and dismissed them. He cannot appeal the dismissal. TEX. RULES DISCIPLINARY P. R. 2.13. As a result, the disciplinary proceedings initiated by his complaint have terminated.

Appellant attempts to overcome his claims' mootness by relying on future harm that he *might* suffer *if* he files another grievance. But Appellant lacks standing to seek redress for speculative future harm.

"The general test for constitutional standing in Texas courts is whether there is a 'real' (i.e., justiciable) controversy between the parties that will actually be determined by the judicial declaration sought." *Bacon*, 411 S.W.3d at 174

29

(citation omitted).  For purposes of standing, a claim must pass muster on three levels:

(1) *Injury in fact*:  The plaintiff must have suffered the invasion of a legally protected (cognizable) interest resulting in an injury that is both (a) concrete and particularized and (b) actual or imminent rather than conjectural or hypothetical;

(2) *Causation*:  The injury must be fairly traceable to the conduct of the defendant; and

(3) *Redressability*:  It must be likely that the injury will be redressed by a favorable decision.

*Id.* at 175 (citations omitted).

Although Appellant could theoretically file another grievance in the future based on allegations different from those he already presented, any actual injury or dispute is merely hypothetical at this point and cannot be redressed by a favorable decision because his asserted stake in the outcome of the controversy is speculative.  In other words, he might or might not file a new grievance.  And any new grievance would be based on new allegations that he has not identified.  Thus, a ruling in Appellant's favor would be advisory in nature because a claim based on the hypothetical filing of a future grievance of unknown (or at least unspecified) scope is both conjectural and unripe.

Moreover, the Chief Disciplinary Counsel's recommendation to the summary disposition panel cannot reveal the basis for the panel's ultimate decision to dismiss Appellant's complaint.  Not only was it prepared prior to the panel's

30

decision, it also reflects the position of the Chief Disciplinary Counsel rather than the panel. As such, there is no basis for concluding that the potential success of a future grievance will be handicapped by Appellant's inability to review the Chief Disciplinary Counsel's recommendation to the summary disposition panel.

Appellant further seeks to overcome the mootness of his claims by urging this Court to expand the public interest exception to the mootness doctrine. However, the facts of this case do not demonstrate the type of extraordinary circumstances that would justify the expansion of the public interest exception. This is not a situation like that presented in *University Scholastic League v. Buchanan* where an available judicial remedy is rendered meaningless due to the inevitable passage of time during an appeal. 848 S.W.2d 298 (Tex.App.—Austin 1993, no writ). It is a situation where Appellant has failed to take advantage of the only available remedy – a petition to the Supreme Court in its administrative capacity seeking the amendment of the disciplinary rules.

PRAYER

Because immunity bars Appellant's claims and they are nonjusticiable, Appellees respectfully pray that this Court affirm the Order Granting Motion to Dismiss in all respects.

RESPECTFULLY SUBMITTED:

LINDA A. ACEVEDO
CHIEF DISCIPLINARY COUNSEL

LAURA BAYOUTH POPPS
DEPUTY COUNSEL FOR ADMINISTRATION

CYNTHIA CANFIELD HAMILTON
SENIOR APPELLATE COUNSEL

OFFICE OF THE CHIEF DISCIPLINARY COUNSEL
P.O. BOX 12487
AUSTIN, TEXAS 78711-2487
512.427.1350; 1.877.953.5535
FAX: 512.427.4167

/s/ Cynthia Canfield Hamilton
CYNTHIA CANFIELD HAMILTON
SENIOR APPELLATE COUNSEL
STATE BAR OF TEXAS
STATE BAR CARD NO. 00790419
ATTORNEYS FOR APPELLEES

## CERTIFICATE OF COMPLIANCE

Pursuant to the Texas Rules of Appellate Procedure, the foregoing brief contains approximately 5,940 words, which is less than the total words permitted by the TRAPs. Counsel relies on the word count of the computer program used to prepare this brief.

/s/ Cynthia Canfield Hamilton
CYNTHIA CANFIELD HAMILTON
SENIOR APPELLATE COUNSEL
STATE BAR OF TEXAS

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing Amended Brief of the Board of Directors of the State Bar of Texas, the Commission for Lawyer Discipline, and Linda Acevedo in her official capacity as the Chief Disciplinary Counsel of the State Bar of Texas, has been served on Appellant, John Doe, by and through his attorneys of record, Mr. Gaines West, Ms. Jennifer Jasper, and Mr. Rob George, West Webb, Allbritton & Gentry, by electronic service through this Court's electronic filing service provider on the 13th day of May 2015.

/s/ Cynthia Canfield Hamilton
CYNTHIA CANFIELD HAMILTON
SENIOR APPELLATE COUNSEL
STATE BAR OF TEXAS

33