**Petition for Writ of Mandamus Conditionally granted and Opinion filed February 24, 2026.**



In The

# Fifteenth Court of Appeals

### NO. 15-25-00102-CV

## IN RE FORT BEND COUNTY

**ORIGINAL PROCEEDING**
**Harris County, Texas**

*and*

### NO. 15-25-00061-CV

**FRANCESCA OKONKWO, ADMINISTRATIVE LAW JUDGE, TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATOIN, IN HER OFFICIAL CAPACITY AND FORT BEND COUNTY, Appellants**

**V.**

**JOSHUA DAVID HEILIGER, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF LAUREN BRITTANE SMITH, DECEASED, AND ON**

**BEHALF OF DEATH BENEFITS BENEFICIARIES JOSHUA DAVID HEILIGER AND EMMA DESTINY HEILIGER, Appellees**

On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2024-78536

## OPINION

This case presents the jurisdictional question of whether a district court may intervene and enjoin an Administrative Law Judge's issuance of a discovery subpoena in a contested case about compensability under the workers' compensation statutory scheme. We hold that because the parties did not follow the procedural steps the Legislature requires for the district court's involvement in such a question, the district court impermissibly encroached on the agency's exclusive jurisdiction. We therefore conditionally grant mandamus relief, render judgment dismissing the underlying suit in district court for lack of jurisdiction, and dismiss the related interlocutory appeal of the district court's temporary injunction order as moot.

## BACKGROUND

This workers' compensation dispute began before the Texas Department of Insurance-Division of Workers' Compensation (Division). Real Party in Interest Joshua Heiliger filed with the agency on his behalf as surviving spouse of his wife, Lauren, and on behalf of their daughter, Emma, seeking workers' compensation death benefits. Lauren worked as a paramedic for Fort Bend County EMS. After Lauren died while at home, Heiliger filed for benefits contending that Lauren died in the course and scope of her employment because stress from working a 48-hour shift was a factor in her death. Fort Bend County disputes compensability.

2

Heiliger initiated a contested case proceeding at the Division. During the course of this proceeding, Fort Bend County sought a subpoena for Lauren's mental health records from Dr. John Marcellus, the doctor who prescribed Lauren's ADHD medication. Fort Bend County argued that these records were relevant and material because Dr. Marcellus might have taken into account Lauren's hypertension along with her complaints about stress. Administrative Law Judge Francesca Okonkwo (ALJ) overruled Heiliger's objections to the subpoena and ordered it on September 19, 2024.

Heiliger then filed suit seeking a temporary restraining order against issuance of the subpoena in district court on November 12, 2024, only three days before the scheduled contested case hearing before the ALJ. The district court granted the requested TRO. The district court later, on December 5, began a hearing on Heiliger's request for a temporary injunction. After Fort Bend County filed a plea to the jurisdiction, the parties entered a Rule 11 agreement, and the hearing was postponed. Fort Bend County then submitted a deposition on written questions to Dr. Marcellus, but Heiliger and Fort Bend County could reach no agreement on Heiliger's objections to it.

On December 27, 2024, Fort Bend County filed a motion with the ALJ to correct procedural defects of its deposition subpoena of Dr. Marcellus, to which Heiliger objected. Fort Bend County then amended its request for a deposition subpoena on January 24, 2025 (and withdrew its previous subpoena request), which the ALJ granted on January 27.[1] Fort Bend County served Dr. Marcellus with the subpoena on February 10, 2025. That same day, Heiliger filed a second request for TRO and a request to continue the hearing on his temporary injunction

---

[1] Heiliger contends he objected to this amended request; Fort Bend County claims he did not. Whether he did is of no import to our analysis and can be determined by the ALJ on remand.

3

request that was previously paused. Fort Bend County re-urged its plea to the jurisdiction, and ALJ Okonkwo also filed a plea to the jurisdiction.

The district court ultimately granted the TRO and later the temporary injunction, denied Fort Bend County's plea to the jurisdiction, and denied in part and granted in part ALJ Okonkwo's plea to the jurisdiction. It also set the matter for a trial on the merits on December 1, 2025. Both Fort Bend and ALJ Okonkwo filed interlocutory appeals of the trial court's temporary injunction order. Fort Bend County also contemporaneously filed a petition for writ of mandamus seeking relief from the order denying its plea to the jurisdiction.[2] At the joint request by the parties, this Court stayed all proceedings in the trial court and the administrative contested hearing until it could decide this mandamus proceeding and the related interlocutory appeal.

## STANDARD OF REVIEW

Mandamus relief is appropriate if a trial court clearly abuses its discretion and the relator has no adequate remedy by appeal. *In re State Farm Mut. Auto. Ins. Co.*, 712 S.W.3d 53, 58–59 (Tex. 2025) (orig. proceeding). A relator need not show it lacks an adequate remedy by appeal, however, when the order it complains of is void because the district court lacked jurisdiction. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam).

## ANALYSIS

We first address whether the trial court has jurisdiction over Heiliger's suit and conclude it does not. "The Division of Workers' Compensation administers the [workers' compensation] system and has exclusive jurisdiction to determine

---

[2] We consolidate the petition for writ of mandamus and the appeal for purposes of efficiency.

compensation entitlement and to award any benefits." *University of Tex. Rio Grande Valley v. Oteka*, 715 S.W.3d 734, 736 (Tex. 2025). This exclusive jurisdiction and the procedures the Legislature mandated for a contested case hearing before the Division apply, unless the Legislature provides an exception. In a contested case hearing for workers' compensation, the Legislature conferred on an ALJ the authority to decide discovery disputes and evidentiary issues, including the power to issue subpoenas for mental health records. Tex. Labor Code § 410.165; *see also* Tex. Health & Safety Code § 611.006(a)(11) (establishing authorized disclosure of mental health records in judicial or administrative proceeding where court or agency issued subpoena); 28 Tex. Admin Code § 142.2 (authorizing ALJ to issue subpoenas, rule on admissibility, and determine weight and credibility of evidence). The party resisting issuance of the subpoena may object, and the party that is the target of the subpoena may choose not to comply. If that happens, then an exception to the Division's exclusive jurisdiction may be invoked to aid in compelling compliance with a subpoena issued by the ALJ. Tex. Gov't Code § 2001.201(a); 28 Tex. Admin. Code § 142.1 (mandating that Section 2001.201 of the Texas Government Code is the only provision of the Administrative Procedure Act that applies to contested case concerning workers' compensation compensability).

Either the ALJ or the party requesting the subpoena may seek an order compelling compliance with the subpoena from a state district court. Tex. Gov't Code § 2001.201(a). They may do so either in the county where the proceedings are pending or in Travis County. *Id.* And if such relief is sought, review by a district court is limited solely to whether compliance with the subpoena is required and whether a person should be held in contempt for failure to comply with its order. *Id.* § 2001.201(b).

Conspicuously absent from the remedies the Legislature provided is the

5

ability for the *objecting party* to seek relief from the subpoena in district court. Instead, the Legislature provides that the objecting party may include its complaint about the subpoena in its administrative appeal after the contested case hearing concludes and in its later suit for judicial review, should it choose to file one. Tex. Labor Code § 410.251 (requiring party to exhaust administrative remedies, including appeals panel, before seeking judicial review).

In mandating this procedure for invoking a limited exception to the Division's exclusive jurisdiction, the Legislature made a policy decision that neither this Court nor the district court should disturb. In essence, the Legislature created a limited exception to the Division's exclusive jurisdiction to aid in the enforcement of subpoenas. If a party to a contested case before an ALJ objects to a subpoena or the party subject to the subpoena fails to comply, then the ALJ or the party requesting the subpoena may ask a district court to review the discovery issue and potentially compel compliance. Tex. Gov't Code § 2001.201(a). And, the party seeking to compel production has the choice of filing the suit to compel compliance either in Travis County or the county where the administrative proceeding is being held. *Id.* In this case, that means if Heiliger objected to the amended subpoena or the subpoenaed party did not comply, then the ALJ or Fort Bend County—not Heiliger—would have the option to seek an order compelling compliance from a district court in Travis County or Harris County. Instead, Heiliger took matters into his own hands and filed a suit in Harris County to enjoin the subpoena instead of waiting for the administrative process to play out.

Heiliger contends that the Texas Supreme Court's decision in *Oteka* somehow undermines the Division's exclusive jurisdiction over the issue of compensability and gave him the authority to seek a parallel judicial proceeding to weigh in on the ALJ's discovery decision. We disagree.

*Oteka* involved an unusual fact pattern, and the supreme court's holding

6

was expressly limited to the procedural posture of that case. Oteka filed suit in district court for injuries and did not claim in any way that her injuries were work-related. *Oteka*, 715 S.W.3d at 736. The University's claim administrator initially agreed, only to change course three years after Oteka's injury and well after she filed suit. *Id.* at 737–38. The University raised, as an affirmative defense, that Oteka's injury was in the course and scope of her employment with the University. *Id.* at 737. Upon raising this affirmative defense, the University also claimed that the Workers' Compensation Division of the Texas Department of Insurance had exclusive jurisdiction over Oteka's claims, divesting the district court of jurisdiction. *Id.* at 738.

The supreme court disagreed, while noting that the exclusive-remedy provision of the Workers' Compensation Act is "essential to the Act's continued success." *Id.* at 744–45 (quoting *Mo-Vac Serv. Co. v. Escobedo*, 603 S.W.3d 119, 125 (Tex. 2020)). The court concluded that the Division does not have exclusive jurisdiction when "(1) the employer raises the issue as an affirmative defense outside the compensability context and (2) the employee's requested relief does not depend on any entitlement to benefits." *Id.* at 744.

The procedural posture of this case is different than *Oteka*. Oteka filed her suit to recover for injuries in district court and never contended that the issue of compensability should be before the Division. Heiliger, conversely, filed his claim with the Division, seeking a finding that he and his daughter are entitled to workers' compensation benefits because his wife died as a result of her work, a contention her employer contests. Under *Oteka*, this is precisely the type of claim over which the Division maintains exclusive jurisdiction. *Id.* at 736. Heiliger has submitted his claim to the exclusive jurisdiction of the Division, and there is no parallel proceeding concerning his claim for benefits. Once the Division's exclusive jurisdiction has been invoked, as it was here, certain procedural

requirements and safeguards are in place and must be followed. As the court in *Oteka* noted, allowing simultaneous proceedings in this context "would inject needless uncertainty and confusion due to the potential for conflicting rulings, unfairly burden the parties with the complexity and expense of dual-track litigation, and waste judicial and administrative-agency resources." *Id.* at 746.

Instead of exhausting his administrative remedies through the administrative proceeding that he initiated, Heiliger sought to create his own remedy over the discovery dispute—a separate suit asking a district court to intervene in the administrative process and quash a subpoena issued by the ALJ—without legislative authority for that action. In doing so, Heiliger failed to exhaust his administrative remedies, and, in accepting jurisdiction in the discovery dispute, the district court impermissibly encroached on the agency's exclusive jurisdiction. Tex. Labor Code § 410.251 (requiring party to exhaust administrative remedies, including appeals panel, before seeking judicial review); *see also In re Entergy Corp.*, 142 S.W.3d 316, 321 (Tex. 2004) (orig. proceeding) ("In short, if the PUC has exclusive jurisdiction in this dispute, the judicial appropriation of state agency authority would be a clear disruption of the orderly processes of government.") (citation modified). Because the district court had no jurisdiction to do so, its orders are void, and the case must be dismissed for lack of jurisdiction.

Heiliger nevertheless challenges this Court's jurisdiction to review Fort Bend County's mandamus petition because he claims Fort Bend County could have filed an interlocutory appeal of the jurisdictional issue presented under Section 51.014 of the Texas Civil Practice and Remedies Code. *See In re Southwestern Bell*, 35 S.W.3d at 605 (concluding that mandamus is inappropriate when there is an adequate remedy by appeal). Fort Bend County, on the other hand, contends that it had no ability to file an interlocutory appeal on the jurisdictional issue because it waived its immunity for purposes of Heiliger's

8

compensation claim. Regardless of who is correct, Fort Bend County does not have to show it has no adequate remedy by appeal because the trial court lacked jurisdiction. *Id.*

Subject-matter jurisdiction may be raised at any time, including on a court's own motion, and cannot be waived. *See Rusk State Hosp. v. Black,* 392 S.W.3d 88, 95 (Tex. 2012) (holding that appellate court could consider issue of immunity, which implicates subject-matter jurisdiction, for first time on appeal); *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993) (holding that because "[s]ubject matter jurisdiction is never presumed and cannot be waived," issue of standing could be raised for first time on appeal). Because it had no jurisdiction over Heiliger's suit challenging the ALJ's subpoena, the district court's orders in this case are void. A relator in a mandamus proceeding need not show it does not have an adequate remedy by appeal when the complained-of order is void. *In re Southwestern Bell*, 35 S.W.3d at 605.

Here, Fort Bend County noted this jurisdictional issue in its interlocutory appeal but then informed the Court that it would file a petition for writ of mandamus because it believed it was unable to raise the issue in its interlocutory appeal of the district court's temporary injunction under Section 51.014 of the Texas Civil Practice and Remedies Code. Whether Fort Bend County's position is correct, it raised the argument, and, regardless, this Court has the power to address the issue both in the interlocutory appeal and in the mandamus proceeding. *Id.*; *see also State Bar of Tex. v. Jefferson*, 942 S.W.2d 575, 575–76 (Tex. 1997) (granting mandamus relief after concluding that trial court was without jurisdiction to issue temporary restraining order staying administrative grievance proceeding).

## CONCLUSION

We conditionally grant mandamus relief and render judgment dismissing Heiliger's suit against Fort Bend County and Okonkwo, Cause No. 2024-78536, pending in the 11th District Court of Harris County. We also dismiss as moot Cause No. 15-25-00061-CV pending in this Court, in which the ALJ and Fort Bend County challenge the district court's temporary injunction order, which is void as a result of this opinion.

/s/*Scott K. Field*
Scott K. Field
Justice

Before Chief Justice Brister and Justices Field and Farris.

10