# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00670-CV

**In re James Robert Lawson, IV**

## ORIGINAL PROCEEDING FROM BELL COUNTY

## M E M O R A N D U M  O P I N I O N

Relator has filed a petition for writ of habeas corpus complaining of the trial court's August 29, 2025 order for capias issued on the real party in interest's (RPI's) Motion for Enforcement of Child Support Order, signed during the pendency of relator's removal of the underlying matter to federal district court. Having reviewed the petition and the record provided, we agree that relator is entitled the relief sought and conditionally grant the writ of habeas corpus. *See* Tex. R. App. P. 52.8(a).

Relator James Lawson and RPI Brittney Williams were married in January 2014 and have one child together. They were divorced pursuant to an agreed decree in Coryell County, Texas, in March 2017. The initial divorce appears to have been amicable: James waived service and the parties agreed to split possession and access roughly equally with neither paying the other support. Conflicts arose shortly thereafter, however, and Britteny filed the underlying suit affecting the parent-child relationship in 2017, eventually securing a still-in-force temporary injunction against James, as well as temporary orders limiting his

possession to four-hour supervised visits on the 1st, 3rd, and 5th Saturdays of each month and requiring him to pay $735 per month in support.

Following transfer of the case to Bell County, Texas, Brittney filed the enforcement motion on August 4, 2025, complaining of a missed support payment and noncompliance with orders requiring production of medical and therapy records, and expressly seeking contempt with confinement. A hearing on the motions was set for August 27, 2025, but, two days before the hearing, on August 25, 2025, James filed a notice of removal to federal court. At the hearing, James did not appear, and counsel for Brittney requested a capias, which was granted by the complained-of order, with bond set at $2,000. This original proceeding followed on August 31, 2025. We stayed the underlying proceedings on September 10, 2025, and Brittney filed her response on September 22, 2025. On March 2, 2026, the federal district court remanded the case back to the trial court.

Federal removal is governed by Section 1446 of the Judiciary Act, which provides in relevant part that, after filing notice of removal, the removing defendant "shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). The requirement that a state court "proceed no further" has long been held to be a jurisdictional limitation. *See, e.g.*, *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 589 U.S. 57, 63–64, (2020) (holding that "[o]nce a notice of removal is filed, . . . [t]he state court 'loses all jurisdiction over the case, and, being without jurisdiction, its subsequent proceedings and judgment are not simply erroneous, but absolutely void.'" (quoting *Kern v. Huidekoper*, 103 U.S. 485, 493 (1880) (internal modifications to quoted text omitted)));

2

*accord Meyerland Co. v. F.D.I.C.*, 848 S.W.2d 82, 83 (Tex. 1993) (holding order of dismissal "void because it occurred after the cause had been removed to federal court").

The Texas Supreme Court has long held and frequently reaffirmed that mandamus is proper if a trial court issues an order beyond its jurisdiction. *See In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (citing *In re Dickason*, 987 S.W.2d 570, 571 (Tex.1998) (orig. proceeding); *Board of Disciplinary Appeals v. McFall*, 888 S.W.2d 471, 472 (Tex.1994) (orig. proceeding)). An order issued without jurisdiction is void, and relator need not show that he lacks an adequate appellate remedy to obtain extraordinary relief. *Id.* (citing *In re Dickason*, 987 S.W.2d at 571); *see also In re Vaishangi, Inc.*, 442 S.W.3d 256, 261 (Tex. 2014) (orig. proceeding).

In view of the authorities cited above, we conclude that the capias order, issued after removal and prior to remand, was and is void, and that habeas relief is therefore appropriate. Accordingly, we conditionally grant relator's petition for writ of habeas corpus and, in accordance with this opinion, order the district court to vacate its August 29, 2025 capias order and any related orders. *See* Tex. R. App. P. 52.8(c). The writ will issue only if the court fails to do so. The stay issued September 10, 2025, is lifted. *See id.* R. 52.10(b).

_____

Chari L. Kelly, Justice

Before Justices Triana, Kelly, and Theofanis

Filed: April 23, 2026